**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| XIYUE WANG, et al.,<br>*Plaintiffs*,<br>v.<br>ISLAMIC REPUBLIC OF IRAN<br>*Defendant*. | Civil Action No. 22-583 (TJK) |

**ORDER**

In March 2025, the Court entered default judgment against the Islamic Republic of Iran and ordered it to pay $59,770,566.00. ECF Nos. 24, 25. Plaintiffs now move for an order under 28 U.S.C. § 1610(c) authorizing enforcement of the judgment. ECF No. 31. For the reasons below, the Court will grant their motion.

The Foreign Sovereign Immunity Act—or the FSIA—details a process for the enforcement of a judgment against foreign states. *See* 28 U.S.C. § 1610. To obtain a § 1610(c) order allowing execution and attachment to commence, plaintiffs must satisfy two requirements. "First, they need to show that they have provided notice of their judgment to the defendant, consistent with the requirements of the Foreign Sovereign Immunities Act, section 1608(e)." *Ewan v. Islamic Republic of Iran*, No. CV 17-1628 (JDB), 2026 WL 237562, at *1 (D.D.C. Jan. 29, 2026); *see* 28 U.S.C. § 1610(c). Notice of an entry of judgment must be accomplished "in accordance with the four service methods provided in § 1608(a)." *Sotloff v. Syrian Arab Republic*, No. 16-cv-725 (TJK), 2024 WL 747262 *1 (D.D.C. Feb. 21, 2024). A plaintiff must exhaust each 1608(a) method "sequentially," beginning with § 1608(a)(1). *Id.* Second, "plaintiffs must demonstrate that 'a reasonable period of time' has elapsed following the entry of judgment, delivery of notice, and the

plaintiffs' request for an order certifying attachment and execution to begin." *Ewan*, 2026 WL 237562, at *2. "As for what a 'reasonable' time means, the statute says nothing more, but 'the sweep of the case law supports . . . that even a few months is sufficient.'" *Sotloff*, 2024 WL 747262 *1 (cleaned up).

Plaintiffs meet the mark here. Start with notice of the judgment. Sections 1608(a)(1) and 1608(a)(2) do not apply to lawsuits against Iran. *See Ewan*, 2026 WL 237562, at *2. So Plaintiffs attempted service under § 1608(a)(3) but were unsuccessful. *See* ECF Nos. 26, 28. Thirty days later, Plaintiffs attempted service under § 1608(a)(4). ECF Nos. 27, 28. Although Iran refused to accept delivery, service was still proper. *See* ECF No. 30-1 at 8; *Bernhardt v. Islamic Republic of Iran*, No. CV 18-2739 (TJK), 2023 WL 2598677, at *12 (D.D.C. Mar. 22, 2023). Plaintiffs thus clear the first hurdle to obtaining a § 1610(c) order.

Up next is the "reasonable time" requirement. *See* 8 U.S.C. § 1610(c). Plaintiffs waited more than two and a half months after notifying Iran before moving for a § 1610(c) order. Although it is a somewhat close call, that amounts to a "reasonable time." The "reasonable time requirement exists because foreign sovereigns act through their bureaucracies and if the foreign government intends to pay the judgment, it should be given time to do so." *Eurofinsa, S.A. v. Gabonese Republic*, No. CV 23-3013 (RC), 2025 WL 1650493, at *2 (D.D.C. June 11, 2025) (internal quotation marks omitted). Now, around six months after Plaintiffs filed their motion and nine months after Plaintiffs served Iran, there is still "no indication that [it is] taking any steps to pay the judgment." *Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 108 (D.D.C. 2015); *see* ECF No. 31 at 3. With that context, the Court finds that Plaintiffs gave Iran a "reasonable time" to respond. *See Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding that six weeks was reasonable time).

For the above reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Order Authorizing Enforcement of Judgment, ECF No. 31, is **GRANTED**. It is further **ORDERED** that Plaintiffs may seek attachment or execution of the judgment under any method authorized by 28 U.S.C. § 1610.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 10, 2026